# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL ST. JOHN and DAWN WORKMAN, a married couple,<br><br>    Plaintiff,<br><br>    vs.<br><br>KOOTENAI COUNTY, IDAHO; the KOOTENAI COUNTY SHERIFF'S OFFICE, BENJAMIN WOLFINGER, individually and in his official capacity as the Kootenai County Sheriff; Lieutenant Scott Maxwell individually and in his official capacity as a Kootenai County Lieutenant Sheriff; Vivienne Reynolds, individually and in her official capacity as the Kootenai County Sheriff Animal Control Officer; Shane Vrevich individually and in his capacity as a Kootenai County Sheriff Deputy; Michael Hanson, individually and in his capacity as a Kootenai County Sheriff Deputy; Craig Chambers, Individually and in his capacity as a Kootenai County Sheriff Deputy; Anthony Ghirarduzzi, Individually and in his capacity as a Kootenai County Sheriff Animal Control Officer; Scot Barnes individually and in his official capacity and an employee for the State of Idaho working on behalf of the Kootenai County Sheriff and the State of Idaho as Department of Agriculture employee; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>    Defendants, | Case No.: 2:21-cv-00085-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**ORDER - 1**

# INTRODUCTION

Before the Court are (1) Plaintiffs' Motion for Filing of the Complaint Backdated to the Date of Filing the Proposed Complaint and for Extension of Time for Service of Summons and Complaint and (2) Defendants' Objection to Plaintiffs' Motion to File and Backdate Complaint and 12(b)(6) Motion to Dismiss. Dkts. 3, 9. Plaintiffs had until June 29, 2021, to respond to Defendants' Motion to Dismiss, but, to date, they have not done so. Therefore, briefing on the issue is complete, and the motion is ripe for decision. The Court will deny Plaintiffs' motion to Backdate as moot; grant Defendants' Motion to Dismiss as to Plaintiffs' state law claims; and deny Defendants' Motion to Dismiss as to Plaintiffs' § 1983 claims.

# BACKGROUND

Plaintiffs Daniel St. John and Dawn Workman began this lawsuit on February 19, 2021, by filing a Motion to Waive or Set Bond Under Idaho Code § 6-610. Dkt. 1. The motion stated that "Plaintiffs intend to file a Complaint against" Defendants, various law enforcement entities and personnel of Kootenai County. *Id.* at 2. Included with the motion, Plaintiffs attached their Proposed Complaint.[1] Dkt. 1, *Proposed Complaint*. The Proposed Complaint alleged that on February 21, 2019, Defendants "conducted an unlawful raid on Plaintiffs' home[,] . . .

---

[1] While Plaintiffs described the complaint attached to their motion to set bond as a "proposed complaint," the actual caption of the document is "Complaint for Damages and Demand for Jury Trial." Dkt. 1-1.

confiscated [St. John's] property[,] . . . and recklessly and with gross negligence placed him in danger of death or great bodily harm, causing him personal injuries, and causing both Plaintiffs property damage and loss of consortium." Dkt. 1 at 1. The Proposed Complaint alleged both § 1983 and state tort-law claims. Dkt. 1, *Proposed Complaint* at 10, 31.

On March 9, 2021, the Court granted Plaintiffs' motion and set the bond at $300. Dkt. 2. Plaintiffs paid the bond shortly thereafter. On May 18, 2021, Plaintiffs then filed their present motion to backdate the filing of their Complaint to February 19, 2021, the date of their first motion. Dkt 3. The next day, May 19, 2021, Plaintiffs filed their official Complaint, which is identical to the Proposed Complaint filed on February 19, 2021. Dkt. 4. Defendants have subsequently moved to dismiss Plaintiffs' Complaint arguing Plaintiffs' claims are time-barred. Dkt. 9.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint may also provide grounds for dismissal under Rule 12(b)(6) if a statute of limitations defense is apparent on the face of the complaint. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). A dismissal without leave to

amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## ANALYSIS

At the outset, it is important to consider what the Plaintiffs seek by their motion to backdate the complaint, and how that interplays with the Defendants' motion to dismiss. Plaintiffs filed their Complaint as a stand-alone document on May 19, 2021, yet request that this Court timestamp it as of February 19, 2021—the date the Proposed Complaint was filed with the motion to waive or set bond. This was an obvious attempt to avoid the effect of the two-year statute of limitations which applied to both their state and federal claims. However, as explained below, the backdating of the filing of their complaint is ineffective to avoid the dismissal of their state law claims, and is unnecessary to save their federal law claims. Therefore, the Court will find the Plaintiffs' motion to be moot.

### I.   Idaho Code § 6-610

Under Idaho law, "[b]efore any civil action may be filed against any law enforcement officer . . . the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file . . . a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court." I.C. § 6-610(2). If a plaintiff fails to post bond before suing law enforcement, the defendant may move for dismissal, and "the judge shall dismiss the case." I.C. § 6-610(5). A plaintiff may seek a waiver of this requirement, but this must be done "prior to filing their

complaint." *Beehler v. Fremont Cnty.*, 182 P.3d 713, 717 (Idaho Ct. App. 2008). "Although the timing of the required bond posting presents practical inconveniences," it nevertheless "imposes a condition precedent to filing an action[.]" *Cusack v. Idaho Dep't of Corr.*, 2012 U.S. Dist. LEXIS 19948, at *13 (D. Idaho 2012). Additionally, while the purported "purpose of this requirement is to ensure diligent prosecution of a civil action brought against a law enforcement officer," the effect has been to create a legal stumbling block in the path of plaintiffs. I.C. § 6-610(2). It is also a trap for the unwary.

This explains the timing and nature of Plaintiffs' filings in this case. Plaintiffs sought to sue law enforcement officers in Kootenai County but presumably understood that, prior to filing their Complaint, they needed to satisfy the bond requirement under I.C. § 6-610(2) or seek a waiver. Thus, on February 19, 2021, instead of filing their official Complaint with their Motion to Waive or Set Bond, they merely attached their Proposed Complaint. Indeed, Plaintiffs were likely aware that their state law claims would be dismissed if the complaint was filed before bond was posted. *See* I.C. § 6-610(5). Therefore, to avoid dismissal, Plaintiffs explained that they were not filing a complaint at that moment but intended to do so after the bond requirement had been satisfied.

## II.   Statute of Limitations

Unfortunately for Plaintiffs, their motion to set bond was made only two days before the limitations period ran on their claims. Plaintiffs' Complaint

includes claims based on 42 U.S.C. § 1983 and Idaho tort law. Under Idaho law, tort claims against government entities and employees "shall be forever barred[] unless . . . begun within two years after the date the claim arose or reasonably should have been discovered". *See* I.C. § 6-911. The statute of limitations for actions brought under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *modified by statute as recognized in North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 n. 1 (1995). Under Idaho law, personal injury actions have a two-year limitations period. *See* I.C. § 5-219(4). Thus, like their Idaho tort-law claims, Plaintiffs had two years to assert their § 1983 claims.

The complaint alleges events that culminate on February 21, 2019, and Plaintiffs therefore had until two years from that date to assert their claims. However, because of a good-faith attempt to comply with I.C. § 6-610(2), Plaintiffs did not file a stand-alone Complaint until May 19, 2021, months after their limitations period had expired. Plaintiffs filed their present motion to backdate their complaint, and Defendants have moved to dismiss the Complaint as time-barred under FRCP 12(b)(6).

### III.    Idaho Tort Claims

Based on Idaho law, the Court has no choice but to grant Defendants' Motion to Dismiss Plaintiffs' state-law claims. "I.C. § 6-610(2) plainly requires a plaintiff to post bond *before it initiates suit* against a law enforcement officer[.]"

*Allied Bail Bonds, Inc. v. County of Kootenai*, 258 P.3d 340, 346 (Idaho 2011) (emphasis added). Plaintiffs' state-law claims against law enforcement were subject to the bond requirement of § 6-610(2), and they did not post bond until March 9, 2021. Their state-law claims could therefore not have been initiated any sooner than that date which was over two weeks after the statute of limitations had run. As such, Plaintiffs' state-law claims are untimely and barred by the statute of limitations.

Backdating the Complaint does not save the Plaintiffs' state law claims. If the filing is backdated to February 19 the Plaintiffs have avoided the bar of the statute of limitations, only to find themselves in violation of the requirements of I.C. § 6-610(2). This is so, because a filing of the Complaint on February 19 would violate the statute's requirement that the Plaintiffs first post the required bond. Having avoided the reach of Scylla, they find themselves in the clutches of Charybdis.

## IV.  Section 1983 Claims

While § 6-610(2) requires plaintiffs to post bond before filing their state-law claims against law enforcement, no such requirement exists for § 1983 claims. However, the 2-year statute of limitations does apply.

It can be argued, as defendants have here, that the Plaintiffs' formal act of filing of their Complaint on May 19, 2021, months after the limitations period had run, was untimely. However, it is nevertheless true that the Plaintiffs timely filed

ORDER - 7

their case on February 19, 2021 with the submission of a motion to set bond under I.C. § 6-610(2). And, significantly, they attached their proposed Complaint to that motion. That proposed Complaint was identical to the Complaint they again filed with the Court on May 19, 2021. So, the question before the Court is whether the filing of their proposed Complaint as an attachment to their motion to set bond should be regarded as a filing of the action which satisfies the requirements of the two-year statute of limitations. The Court concludes that it should.

Generally, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. This is confirmed by the Ninth Circuit's recognition that "a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002). However, nothing in the Rules or in any case which the Court can find, tells us what constitutes the "filing of a complaint." Must the plaintiff appear at the court and file a complaint as a stand-alone document? Or, is it sufficient to simply submit the complaint to the clerk for filing in any form sufficient to indicate his or her intent to initiate a lawsuit? There is no rule or case which definitively answers those questions.

This is where Rule 1 provides critical guidance. Rule 1 provides that the Federal Rules of Civil Procedure, including Rule 3, "should be construed. . . to secure the just . . . determination of every action and proceeding." Fed. R. Civ. P. 1. Given that command, the Court concludes that under the unique facts of this

**ORDER - 8**

case, the plaintiff's submission of a complaint to the clerk's office, as part of a plaintiff's good-faith, but ultimately unsuccessful, effort to comply with a state-law bond requirement, constitutes the "filing of a complaint with the court" sufficient to satisfy the requirements of Rule 3. To hold otherwise would be inconsistent with the command of Rule 1.

Therefore, in order to secure a just determination of this action, the Court finds that Plaintiffs' Complaint filed with the Court on February 19, 2021 commenced the action against Defendants for purposes of the statute of limitations as it pertains to their § 1983 claims.[2] Plaintiffs' § 1983 claims were thus timely filed, and the Court will deny Defendants' Motion to Dismiss the § 1983 claims. Additionally, Plaintiffs will have thirty (30) days from the date of this order to serve notice on Defendants if they have not already done so.

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion for Leave to File Complaint Backdated and for Extension of Time to Serve Complaint and Summons is **DENIED AS MOOT** to the extent Plaintiffs seek to backdate their complaint. The Motion is **GRANTED** to the extent that the deadline for serving Defendants is extend to 30 days from the date of this order.

---

[2] It is important to note that the Court is not backdating Plaintiffs' Complaint. The Court is not aware of any authority by which a complaint may be backdated. Rather, the Court is simply recognizing that the action commenced on the date of the Proposed Complaint for purposes of the statute of limitations for the § 1983 claims.

2. Defendants' Motion to Dismiss (Dkt. 9) is **GRANTED** as it pertains to all state-law claims and **DENIED** as it pertains to all § 1983 claims.

3. Plaintiffs' state-law claims are **DISMISSED WITH PREJUDICE**.

4. Plaintiffs have thirty (30) days from the date of this order to complete service on Defendants.

DATED: August 3, 2021

_____

B. Lynn Winmill
U.S. District Court Judge

**ORDER - 10**